THE PLAINTIFF CAN-BORE, INC. STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

**03 12257 WGY**

| | |
|---|---|
| CAN-BORE, INC., ) | |
|    Plaintiff ) | |
| ) | |
| v. ) | COMPLAINT |
| ) | |
| MURPHY BROS., INC.. ) | |
| CONTINENTAL CASUALTY ) MAGISTRATE JUDGE _____ | |
| COMPANY, NATIONAL FIRE ) | |
| INSURANCE COMPANY OF ) | |
| HARTFORD, ) | |
|    Defendants ) | |
| ) | |

AMOUNT $ 160
SUMMONS ISSUED ✓
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK
DATE

### The Parties

1. The Plaintiff Can-Bore, Inc., is a corporation organized under the laws of the State of New York, maintaining a principal place of business located at 302-314 Court Street, Watertown, New York.

2. The Defendant Murphy Bros., Inc., is, upon information and belief, a corporation organized under the laws of the State of Illinois, maintaining a principal place of business located at 3150 Fifth Avenue, East Moline, Illinois.

3. The Defendant Continental Casualty Company is, upon information and belief, a corporation organized under the laws of the State of Illinois, maintaining a principal place of business located at 333 South Wabash, Chicago, Illinois.

4. The Defendant National Fire Insurance Company of Hartford is, upon information and belief, a corporation organized under the laws of the State of Connecticut, maintaining a principal place of business located at 333 South Wabash, Chicago, Illinois.

### Jurisdiction

5. Jurisdiction is proper under 28 U.S.C. § 1332 by virtue of diversity of citizenship of the parties and the $75,000.00 threshold of damages claimed.

## General Allegations

6. The Plaintiff Can-Bore, Inc., repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-5.

7. Upon information and belief, on or about September 18, 2002, the Defendant Murphy Bros., Inc., entered into a written contract with Maritimes & Northeast Pipeline, LLC, for the construction of the Maritimes & Northeast Pipeline 2002 Phase III Project in and about Danvers, Massachusetts (hereinafter, "the Project"). Upon information and belief, said contract, *inter alia*, required the Defendant Murphy Bros., Inc., to secure a payment bond ("the Bond") for the benefit of those furnishing labor and materials relative to the Project.

8. Upon information and belief, the Defendant Continental Casualty Company and the Defendant National Fire Insurance Company of Hartford issued the Bond and served as surety for all sums due to subcontractors for labor and materials furnished relative to the Project.

9. On or about September 27, 2002, the Plaintiff Can-Bore, Inc., and the Defendant Murphy Bros., Inc., entered into a written subcontract for the performance of construction and installation of twenty-four lines of mainline construction in connection with the Project.

10. The Plaintiff Can-Bore, Inc. furnished the aforementioned subcontractor services and provided materials to the Defendant Murphy Bros., Inc., in connection therewith. The Plaintiff Can-Bore, Inc. furnished these services and materials in a timely and workmanlike manner.

11. The Defendant Murphy Bros., Inc., despite repeated demands, failed and/or refused to pay the Plaintiff Can-Bore, Inc., for its work on the Project.. The amounts owed to the Plaintiff Can-Bore, Inc. by the Defendant Murphy Bros., Inc., total $87,050.00.

## Count I
## Breach of Contract
## Against Defendant Murphy Bros., Inc.

12. The Plaintiff Can-Bore, Inc., repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-11.

13. The Defendant Murphy Bros., Inc.'s failure to pay for services furnished pursuant to the written contract between the Plaintiff Can-Bore, Inc. and the Defendant Murphy Bros., Inc. constitutes a breach of contract.

## Count II
## Quantum Meruit
## Against Defendant Murphy Bros., Inc.

14. The Plaintiff Can-Bore, Inc., repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-13.

15. The Plaintiff Can-Bore, Inc., rendered services to the Defendant Murphy Bros., Inc., with the expectation of being compensated therefor. The Defendant Murphy Bros., Inc., accepted these services and received benefit therefrom with the expectation of being liable therefor.

16. The fair and reasonable value of said services was $87,050.00.

17. Defendant Murphy Bros., Inc. has failed and/or refused to pay the balance now owing of $87,050.00 despite repeated demands.

## Count III
## Claim on Bond
## Against Defendant Continental Casualty Company and
## Defendant National Fire Insurance Company of Hartford

18. The Plaintiff Can-Bore, Inc., repeats, realleges and incorporates by reference the allegations contained in paragraphs 1-17.

19. The Plaintiff Can-Bore, Inc. subcontracted directly with the Defendant Murphy Bros., Inc., on the Project.

20. The Defendant Continental Casualty Company and the Defendant National Fire Insurance Company of Hartford, as surety under the Bond, are liable to the Plaintiff Can-Bore, Inc., for the Defendant Murphy Bros., Inc.'s failure and/or refusal to pay the $87.050.00 due and owing the Plaintiff Can-Bore, Inc., on the Project.

21. The Plaintiff Can-Bore, Inc., has complied with all conditions precedent to the maintenance of this action.

## Prayer for Relief

**WHEREFORE**, the Plaintiff Can-Bore, Inc., respectfully requests that this Honorable Court:

1. Award judgment in favor of the Plaintiff Can-Bore, Inc. on Counts I-II against the Defendant Murphy Bros., Inc., and on Count III against the Defendant Continental Casualty Company and the Defendant National Fire Insurance Company of Hartford and award money damages in the amount of $87,050.00, all other appropriate damages, and interest and attorneys' fees and costs;

2. Grant such other and further relief, at law or at equity that this Court deems just and fair.

**THE PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE**

        The Plaintiff,
        by its Attorneys,

        David W. Krumsiek
        BBO #564564
        Timothy J. Perry
        BBO # 631397
        Perry, Krumsiek & Wayland, LLP
        114 State Street, Suite 200
        Boston, MA 02109
        (617) 742-9012

Dated: November 13, 2003